**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **Muhammad Al-Mujahidin, # 103968,** | ) | Civil Action No. 9:15-1978-BHH-BM |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| **J. F. Franklin, J. Young, Leroy Cartledge, and Brian Sterling,** | ) | |
| Defendants. | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to Title 42, United States Code, Section 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on December 28, 2015. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on January 5, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff failed to file any response to the Defendants' motion. Therefore, a Report and Recommendation for dismissal for lack of prosecution was entered on February 11, 2016.





On March 3, 2016, Plaintiff filed a motion for an extension of time to file a response to the Defendants' motion for summary judgment. Plaintiff's motion was granted on March 7, 2016, following which Plaintiff filed a response in opposition to the Defendants motion on April 5, 2016. Defendants filed a reply memorandum on April 15, 2016.

The Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that on March 15, 18, 19, and 20, 2013, he submitted his response to the State's motion for a conditional dismissal of his pending state post conviction relief (PCR) action to the McCormick Correctional Institution (MCI) mail room. Plaintiff alleges that this mailing was addressed to Chief Administrative Judge James Barber, III, as he had been instructed to do by court order. Plaintiff further alleges, however, that the Defendants Franklin and Young (the MCI Postal Director and Assistant Postal Director, respectively) "refused to allow the Plaintiff to mail these documents to the above named judge under the pretense that the Plaintiff was required to show them 'proof' and 'verification', although the letter was clearly addressed to Judge Barber". Plaintiff alleges that he submitted a letter with the Judge's office letterhead and signature "to no avail". Plaintiff alleges that on March 19, 2013 he also attempted to mail these documents to the Richland County Clerk of Court, again "only to be denied" by the Defendant

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are considered as affidavits with respect to any factual allegations contained therein that are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).





Franklin. Plaintiff further alleges that on March 23, 2013 he filed an emergency grievance with the Defendant Cartledge (the Warden of MCI) in the hope that Cartledge would instruct Franklin and Young to mail his documents, but that Cartledge "refused to do so". Plaintiff alleges that as a result of the Defendants Young and Franklin's actions, his PCR case was dismissed with prejudice. Plaintiff alleges that all three (Franklin, Young and Cartledge) of these Defendants were "made aware . . . that unless [Plaintiff] was allowed to mail these documents to the Court his PCR action would be dismissed but they refused to allow him to do so thereby denying [Plaintiff] access to the courts" in violation of his constitutional rights. Finally, Plaintiff alleges that the Defendant Sterling (SCDC Director) "has promulgated and enforces policies and procedures which allow such violations to occur". Plaintiff seeks certain injunctive and/or declaratory relief, as well as monetary damages. See generally, Plaintiff's Verified Complaint.

In support of summary judgment in the case, the Defendants have submitted copies of court records setting forth the case history of Plaintiff's state court PCR proceedings. These exhibits reflect that, following a conviction for assault and battery with intent to kill and possession of contraband by a state prisoner, Plaintiff was sentenced to life without parole. See Defendants' Exhibit 1. Plaintiff thereafter filed a post conviction relief action in 2001 (Civil Action No. 2001-40-3913), which was dismissed by the PCR court by order of December 21, 2005. Id. Plaintiff appealed the denial of that APCR, and his appeal was denied by order filed on or about August 23, 2007. See Defendants' Exhibit 3 (Court Docket No. 49-3, p. 3). That PCR action is therefore not the PCR action Plaintiff is referencing in this lawsuit.

Defendants' exhibits further reflect that Plaintiff filed a second PCR action on





September 6, 2006.[3] (Civil Action No. 2006-40-5174). See Defendants' Exhibit 6. A conditional order of dismissal of that PCR action was entered on March 23, 2007, following which a final order of dismissal in that PCR case was entered on July 26, 2007. See Defendants' Exhibit 7 and 8. Therefore, that PCR case is also not the PCR action at issue in this lawsuit.

Finally, the exhibits presented to this Court show that Plaintiff filed another PCR action on August 21, 2012 (Civil Action No. 2012-40-5755). See Defendants' Exhibit 2. The Court (Judge Barber) issued a conditional order of dismissal of that case on November 8, 2012 (filed November 19, 2012), finding that the claim asserted by Plaintiff in this PCR action was clearly without merit and that Plaintiff's petition was also subject to dismissal for having been filed outside the applicable statute of limitations. Judge Barber granted Plaintiff thirty days from the date of the service of his order for Plaintiff to show why this conditional order of dismissal should not become final. See Defendants' Exhibit 3. Plaintiff responded to the conditional order of dismissal by filing a motion to enlarge time in which to respond on December 18, 2012. In that motion, Plaintiff requested an additional thirty days to filed his response to the conditional order of dismissal. See Defendants' Exhibit 4. This would have put Plaintiff's response time sometime around the end of January, 2013. A final order of dismissal of this PCR action was then signed by the Chief Administrative Judge on February 28, 2013, filed on March 4, 2013. See Defendants' Exhibit 5.

In response to the evidence and exhibits submitted by the Defendants in support of summary judgment in this case, Plaintiff has submitted an "affidavit" in which he attests that he actually attempted to submit his responses to the State of South Carolina's motion to dismiss his PCR

---

[3]The filing date for this PCR case shows that it was filed while the appeal of his previous PCR action was still pending.





action "on or about Jan. 2013". Plaintiff attests that he submitted his response/documentation to both Franklin and Young "on numerous occasions between Jan. 2, 2013 and Mar. 31, 2013", but that he was "denied the opportunity to mail these documents to the Clerk of Court and was not allowed to contact Judge Barber". Plaintiff has attached numerous documents as exhibits to his affidavit, including letters and grievances he filed, in support of his claim; however, the undersigned is constrained to note that none of these documents reflect any mailing or attempted mailings by the Plaintiff concerning the PCR action at issue prior to March 14, 2013. See generally, Plaintiff's Affidavit, with attached exhibits.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after





careful review and consideration of the arguments and evidence submitted, the undersigned finds for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment in this case.

Initially, with respect to the Defendant Sterling (SCDC Director), Plaintiff has presented no evidence to show that Sterling played any role in the events at issue or to show that Sterling was involved in a violation of his constitutional rights. Rather, it is readily apparent that Sterling has been named as a Defendant in this action because he is the Director of the Department of Corrections. However, the doctrines of vicarious liability and respondeat superior are not applicable to § 1983 cases; Vinnedge v. Gibbs, 550 F.2d 926, 927-929, n. 1-2 (4th Cir. 1977); and therefore Plaintiff must have presented evidence to show that Sterling had "personal knowledge of and involvement in the alleged deprivation of [Plaintiff's] rights" in order to liable in this case. Harveck v. Smith, 814 F.Supp.2d 608, 627 (E.D.Va. 2011), citing Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Plaintiff has presented no such evidence. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]. Therefore, even if Plaintiff's claim was otherwise allowed to proceed, Sterling would be entitled to dismissal as a party Defendant.

With respect to the remaining Defendants Franklin, Young and Cartledge, even if the Court were to assume for purposes of summary judgment that Plaintiff has submitted evidence sufficient to give rise to a genuine issue of fact as to whether Franklin and/or Young interfered with or otherwise improperly handled his mail, in order to proceed with his claim Plaintiff must also have evidence to show that he was prejudiced in a pending court proceeding because of improper conduct or actions by the Defendants. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have





required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010)["[A] prisoner must demonstrate actual injury from interference with his access to the courts - that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement."]. The evidence before this Court does not support such a claim, as the documentary evidence clearly shows that the final order dismissing Plaintiff's PCR action was entered at least ten days *before* Plaintiff alleges he submitted his response to the State's conditional order of dismissal to the MCI mail room. Therefore, even if Young and/or Franklin did improperly handle or delay the mailing of Plaintiff's submissions, Plaintiff suffered no prejudice, as his PCR case had already been dismissed by that time. See Lewis v. Casey, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue].

While Plaintiff attempts to save his claim by submitting, in response to the documentary evidence submitted by the Defendants showing that his PCR action had already been closed when he alleges he tried to submit mailings to the MCI mail room, an affidavit in which he changes the date of his attempted mailings from mid-March 2013 to January 2013, Plaintiff cannot save his claim from summary judgment by submitting a sworn statement that contradicts not only his previous sworn allegations in his verified Complaint, but also his own exhibits attached to his affidavit (none of which reflect any attempted mailing by the Plaintiff prior to, at the earliest, March 14, 2013) as well as the court records submitted as exhibits by the Defendants. Bickerstaff v. Vassar College, 196 F.3d 435, 455 (2d Cir. 1999) ["It is beyond cavil that a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that...contradicts the





affiant's previous . . . testimony."] (internal quotations and citations omitted); Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) [party cannot create issue of fact by contradicting prior sworn testimony]; see also Sylvia Dev. Corp. v. Calvert County, MD., 48 F.3d 810,818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]. Therefore, Plaintiff's contradictory statements in his affidavit cannot be a basis for denying summary judgment in this case.

Finally, it is also worth noting that Plaintiff's PCR case was dismissed as being frivolous and for having been filed outside the applicable statute of limitations. Therefore, there is no evidence to show that his after the fact submissions would have effected the disposition of his PCR case in any event. Gee, 627 F.3d at 1191 ["[A] prisoner must demonstrate actual injury from interference with his access to the courts - that is, that the prisoner was frustrated or impeded in his efforts to pursue a *nonfrivolous legal claim* concerning his conviction or his conditions of confinement."] (emphasis added); cf. Collins v. Padula, No. 12-3112, 2014 WL 1319103 at * 10 (D.S.C. Feb. 11, 2014) [Plaintiff failed to establish an actual injury in a non-frivolous pending case where the PCR action at issue was dismissed as a successive petition barred by the statute of limitations], adopted by 2014 WL 1318978, aff'd. 581 Fed.Appx. 258 (4th Cir. 2014).

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that his case be **dismissed**.





The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

May 31, 2016
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



